IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 20-cv-

TIFFANY LITZSINGER,

      Plaintiff,

vs.

ADAMS COUNTY CORONER'S OFFICE,

      Defendant.

---

## COMPLAINT AND JURY DEMAND

---

      Plaintiff Tiffany Litzsinger, by her attorney Robert M. Liechty of ROBERT M LIECHTY PC, brings her complaint as follows:

      1.      Ms. Litzsinger lives in Keenesburg, Colorado, and used to work at the Adams County Coroner's Office, located in Brighton, Colorado.  The coroner was Monica Broncucia-Jordan and the chief deputy coroner was Sherronda Appleberry.

      2.      Ms. Litzsinger filed a dual charge of discrimination with the Colorado Civil Rights Division and EEOC claiming disability discrimination.  She received a right to sue letter dated January 24, 2020, and has exhausted her administrative remedies.

      3.      Ms. Litzsinger began working for the coroner's office in January, 2013, and most recently held the position of Medicolegal Death Investigator.  She received a reprimand and suspension in March-April, 2015.  Otherwise, she received good job evaluations and the coroner recognized that she was one of the best investigators in the

office.  Her peers voted her the runner-up employee of the year at their annual meeting in February, 2017, and in February, 2018.

4.      In four out of five years, Ms. Litzsinger completed more cases than any other investigator in the office.  As a result, it was not unusual for Ms. Litzsinger to have 9-10 reports not timely completed.  Until she went on medical leave in August, 2018, this was not a disciplinary issue.

5.      Ms. Litzsinger has been seeing counselor Terri Dodd since 2012, up to two times per month, for anxiety and depression.

6.      In late January, 2018, Adams County Deputy Gumm was shot and killed and many employees in the coroner's office took it hard.  After the Gumm autopsy by Dr. Sena, Ms. Litzsinger had a panic attack in the office.  As a result of Deputy Gumm's death, the coroner directed that her staff was to be examined quarterly by psychiatrists or psychologists at Nicoletti-Flaghter Associates.  Ms. Litzsinger was first examined in February, 2018.

7.      Over the weekend of April 14-15, 2018, Ms. Litzsinger handled four of the eight cases involving decomposed bodies.  As a result of the stress, she saw Nicoletti psychiatrist Dr. Dvoskina on April 18, 2018.

8.      On June 13, 2018, Ms. Litzsinger went to her primary treating physician, Dr. Edrich, and saw both him and PA Christine O'Neal.  They both diagnosed her with anxiety and panic attacks and put her on a medication for post-traumatic stress disorder.  PA O'Neal spoke to Ms. Litzsinger about taking medical leave for her anxiety,

but Ms. Litzsinger did not request medical leave from the coroner at that time for fear of retaliation because she would be considered a problem.

9. On June 9, 2018, Ms. Litzsinger began working a second job as a store clerk at Keene Market, in Keenesburg, in order to have a work situation where there was less stress. On July 18, when she told the chief deputy coroner that she couldn't work on a weekend because of her clerk job, the chief deputy coroner directed her to quit her second job. This arbitrary control over Ms. Litzsinger's private life worsened her stress, which she later told the corner.

10. On July 18, 2018, Ms. Litzsinger went to Dr. Dvoskina and broke down. Dr. Dvoskina advised her to go on FMLA for several weeks as an accommodation. Ms. Litzsinger did not ask for leave at that time.

11. Dr. Dvoskina wanted to call the coroner to discuss Ms. Litzsinger's mental health, but Ms. Litzsinger was apprehensive because she, again, feared retaliation from the coroner by being an employee who bought problems to the office. In early August, Ms. Litzsinger relented and gave permission to Dr. Dvoskina to call the coroner. Dr. Dvoskina called the coroner around August 10, 2018.

12. On August 9, Ms. Litzsinger had an episode of anxiety and chest pain and went to the emergency room. She saw PA O'Neal on August 10 who requested FMLA leave for Ms. Litzsinger.

13. The County's medical leave administrator, Unum, granted Ms. Litzsinger FMLA leave from August 9 through August 21, 2018, for her anxiety and depression.

Unum denied short-term disability coverage because such benefits were not payable for the first 14 calendar days she was disabled.

14.     On approximately August 22, 2018, Ms. Litzsinger was called into the coroner's office to speak with the corner and her chief deputy.  They accused Ms. Litzsinger of "time log fraud" for not correctly listing all the time she was on the Internet or sleeping during her evening shifts.  She was put on probation for six months, but was not provided any paperwork describing the terms of her probation.

15.     In that meeting, Ms. Litzsinger said that it was her fault for trying to get through her anxiety on her own when, in the end, she had to go on medical leave anyway.  She told the coroner that she thought that getting a doctor's note for her anxiety and depression would be seen by the office as a sign of weakness.

16.     In the August 22 meeting, she told the coroner and the chief deputy that she noticed her psychological problems beginning in June, 2018, and she said that she could no longer work graveyard shifts because her anxiety medications put her to sleep in the middle of her shift.  In the August 22 meeting, the coroner stated that Ms. Litzsinger was falling behind in her reports because she was sleeping too much and being on the Internet too much during the night shift.

17.     The coroner said that co-employees complained about Ms. Litzsinger's work performance.  This was not true because her peers voted her runner-up employee of the year for the department in February, 2017, and in February, 2018.

18.     At the end of the August 22 meeting, the coroner told Ms. Litzsinger that she did not want to hear from Dr. Dvoskina again about Ms. Litzsinger's medical issues.

19.     The coroner told Ms. Litzsinger that during her probation she was not to be on the Internet.  Ms. Litzsinger did not use the Internet from August 22 until her termination on September 16, except for bona fide business purposes related to looking up facts for her investigations.

20.     On the morning of Thursday, September 13, 2018, Ms. Litzsinger fell down the stairs at her home and the chief deputy coroner authorized one day of sick leave.  However, her doctor requested two days of sick leave, for Thursday and Friday. The chief deputy coroner told Ms. Litzsinger that she had to work Saturday and Sunday to make up for her lost time because she had inconvenienced her fellow employees by being absent on Thursday and Friday.  Saturday and Sunday were scheduled days off for Ms. Litzsinger.

21.     Ms. Litzsinger worked Saturday and Sunday and finished all her outstanding reports.  Nonetheless, the coroner and chief deputy coroner terminated Ms. Litzsinger at 8:00 on Sunday evening, September 16, 2018, without giving Ms. Litzsinger an opportunity to complete her probation.  They said she was being terminated for the alleged "time log fraud," but they did not provide any termination paperwork.  Since August 22, she had been complying with her probation and had not been sleeping on her shift nor was she on the Internet during her shift except for business purposes.

22.     This reason for termination was an excuse to cover the real reason for her termination – retaliation for taking medical leave and fear that the office would have to accommodate her medical needs in the future.

### *FMLA Retaliation*

23.     Ms. Litzsinger was qualified to do her job, but defendant terminated her in retaliation for her use of FMLA leave.

24.     This violates 29 USC §2615(a).  As a result of this violation, defendant is liable for Ms. Litzsinger's lost income under §2617(1)(a).  In addition, because the violation was willful, defendant is liable for an equal amount of liquidated damages.

25.     Under 29 USC §2617(3), Ms. Litzsinger is entitled to her reasonable costs and attorney's fees.

### *ADA Retaliation*

26.     Defendant knew that Ms. Litzsinger took time off to treat her serious medical condition of anxiety and panic attacks and defendant terminated her in retaliation for taking this leave, which violates 42 USC §12112(a).  Her serious medical condition interfered with her ability to concentrate.

27.     As a result of this violation, defendant is liable for Ms. Litzsinger's lost income and compensatory damages of emotional pain and suffering, humiliation, embarrassment, and inconvenience under 42 USC §12117(a).

28.     Under 42 USC §2000e-5(k), Ms. Litzsinger is entitled to her reasonable costs and attorney's fees.

WHEREFORE, plaintiff Tiffany Litzsinger respectfully requests that this court enter judgment in her favor and for costs, interest, attorney's fees, and such other relief as this court may deem proper.

Plaintiff requests trial to a jury

Respectfully submitted this April 8, 2020.


By:     s/     *Robert M. Liechty*
                Robert M. Liechty
                ROBERT M LIECHTY PC
                1800 Gaylord St.
                Denver, Colorado 80206
                Tel: (303) 861-5300
                Fax: (303) 861-2746
                Email:  rliechty@crossliechty.com
                ATTORNEY FOR PLAINTIFF


Address of plaintiff:
160 N. Main St., #232
Keenesburg, CO 80643